```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          - v. -                  :

BOBBY SAUNDERS,                   :
     a/k/a/ "Bobby Moore,"
CARMEN MOORE,                     :
     a/k/a "Munchie,"
BOBBY MOORE, JR.,                 :
     a/k/a "Pops,"
     a/k/a "Poppy,"               :
TYRONE MOORE,                         INDICTMENT
     a/k/a "Puss,"                :
HISAN LEE,                            S4 07 Cr. 3 (BSJ)
     a/k/a "Devontea Clark,"      :
     a/k/a "Ice,"                 :
HIBAH LEE,                        :
ANDRE DAVIDSON,
     a/k/a "O Dog,"               :
SELBOURNE WAITE,                  :
     a/k/a "Silky,"               :
     a/k/a "Bling,"               :
DELROY LEE,                       :
     a/k/a "Specs,"               :
     a/k/a "DJ,"                  :
ROBERT MORRISON,                  :
     a/k/a "Chips,"               :
LEVAR GAYLE,
     a/k/a "Train,"               :
DAKWAN EDWARDS,                   :
     a/k/a "Doc,"                 :
MARQUISH JONES,                   :
     a/k/a "Lunchbox,"            :
MARK HART,                        :
     a/k/a "Movements,"           :
RAHEEM TUCKER,                    :
     a/k/a "Ras,"                 :
DEMETRI YOUNG,                    :
     a/k/a "Walter Malone,"       :
CHRISTOPHER DIAZ,                 :
     a/k/a "X Box,"               :
ANTHONY DIAZ,                     :
     a/k/a "Little X,"            :
PAUL LOVE,
```



```
AARON BIRCH,                        :
    a/k/a "A,"
    a/k/a "Ace,"                    :
KEVIN BECKFORD,
    a/k/a "Carl Beckford," and :
JERMELL FALZONE,
    a/k/a "Mel,"                    :

            Defendants.    :

- - - - - - - - - - - - - - - x
```

<u>COUNT ONE</u>

The Grand Jury charges:

<u>THE ENTERPRISE</u>

1.    At all times relevant to this Indictment, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, together with Carmen Moore, a/k/a "Munchie," Levar Gayle, a/k/a "Train," Dakwan Edwards, a/k/a "Doc," Marquish Jones, a/k/a "Lunchbox," Mark Hart, a/k/a "Movements," Raheem Tucker, a/k/a "Ras," Demetri Young, a/k/a "Walter Malone," Christopher Diaz, a/k/a "X Box," Anthony Diaz, a/k/a "Little X," Paul Love, Aaron Birch, a/k/a "A," a/k/a "Ace," Kevin Beckford, a/k/a "Carl Beckford," Jermell Falzone, a/k/a "Mel," and others known and unknown, were members and associates of the DeKalb Avenue Crew, a criminal organization whose members

2

and associates engaged in, among other things, armed robbery, narcotics trafficking, and murder. The DeKalb Avenue Crew operated principally in the New York City metropolitan area.

2.    The DeKalb Avenue Crew, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. At all times relevant to this Indictment, the enterprise has engaged in, and its activities have affected, interstate and foreign commerce. BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, participated in the operation and management of the enterprise, and participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

3

PURPOSES OF THE ENTERPRISE

3.    The purposes of the enterprise included the following:

a.    Enriching the members and associates of the enterprise through, among other things, the distribution of narcotics, including "crack" cocaine, cocaine, and marijuana; armed robbery of drug dealers; and armed robbery of other legitimate businesses.

b.    Preserving and protecting the power of the enterprise through murder, other acts of violence, and threats of violence.

c.    Promoting and enhancing the enterprise and the activities of its members and associates.

MEANS AND METHODS OF THE ENTERPRISE

4.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a.    Members and associates of the enterprise conspired to commit, committed, and attempted to commit armed robbery and other acts of violence, including murder.

b.    Members and associates of the enterprise used physical violence and threats of physical violence against various people from whom they stole and attempted to steal property, including money and narcotics.

4

c.    Members and associates of the enterprise used physical violence against various people whom they murdered and attempted to murder.

d.    Members and associates of the enterprise sold narcotics, including "crack" cocaine, cocaine, and marijuana.

<u>THE RACKETEERING VIOLATION</u>

5.    From at least in or about 1997 up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, together with Carmen Moore, a/k/a "Munchie," Levar Gayle, a/k/a "Train," Dakwan Edwards, a/k/a "Doc," Marquish Jones, a/k/a "Lunchbox," Mark Hart, a/k/a "Movements," Raheem Tucker, a/k/a "Ras," Demetri Young, a/k/a "Walter Malone," Christopher Diaz, a/k/a "X Box," Anthony Diaz, a/k/a "Little X," Paul Love, Aaron Birch, a/k/a "A," a/k/a "Ace," Kevin Beckford, a/k/a "Carl Beckford," Jermell Falzone, a/k/a "Mel," and others known and unknown, being persons employed by and associated with the enterprise described above, to wit, the DeKalb Avenue Crew, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly

5

conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering:

<u>THE PATTERN OF RACKETEERING ACTIVITY</u>

6.    The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

<u>Racketeering Act One: Conspiracy to Commit Robbery,
Robbery, Kidnaping, and Felony Murder of Patrick Taylor</u>

7.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act One:

<u>Conspiracy to Commit Robbery</u>

8.    In or about August 2000, in the Southern District of New York and elsewhere, HISAN LEE and DELROY LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Patrick Taylor, of narcotics and narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

<u>Overt Act</u>

a.    In or about August 2000, HISAN LEE and DELROY LEE robbed Patrick Taylor in the Bronx, New York, during which crime Taylor was murdered.

6

### Robbery

9.    On or about August 23, 2000, in the Southern District of New York, HISAN LEE and DELROY LEE, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer, Patrick Taylor, of narcotics and narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Kidnaping

10.    On or about August 23, 2000, in the Southern District of New York, HISAN LEE and DELROY LEE, the defendants, unlawfully, intentionally, and knowingly kidnaped and aided and abetted the kidnaping of Patrick Taylor in the Bronx, New York, in violation of New York State Penal Law, Sections 135.25 and 20.00.

### Felony Murder

11.    On or about August 23, 2000, in the Southern District of New York, HISAN LEE and DELROY LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly committed an act involving murder, that is, committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, HISAN LEE and DELROY LEE robbed and aided and abetted the robbery of Patrick Taylor in the Bronx, New York, and in the

7

course of and in furtherance of that robbery caused the death of Patrick Taylor, in violation of New York State Penal Law, Sections 160.15, 125.25(3), and 20.00.

### Racketeering Act Two: Conspiracy to Commit Robbery, Robbery, and Felony Murder of Oneil Johnson

12.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

### Conspiracy to Commit Robbery

13.    In or about July 2003, in the Southern District of New York, HISAN LEE and HIBAH LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Oneil Johnson, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Acts

a.    In or about July 2003, HISAN LEE and HIBAH LEE met at an apartment in the Bronx, New York, and waited for an individual, Oneil Johnson, whom they believed would be in possession of narcotics.

b.    On or about July 25, 2003, HISAN LEE and HIBAH LEE robbed Oneil Johnson in the Bronx, New York, during which crime Johnson was murdered.

### Robbery

14.   On or about July 25, 2003, in the Southern District of New York, HISAN LEE and HIBAH LEE, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer, Oneil Johnson, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Felony Murder

15.   On or about July 25, 2003, in the Southern District of New York, HISAN LEE and HIBAH LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly committed an act involving murder, that is, committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, HISAN LEE and HIBAH LEE robbed and aided and abetted the robbery of Oneil Johnson in the Bronx, New York, and in the course of and in furtherance of that robbery caused the death of Oneil Johnson, in violation of New York State Penal Law, Sections 160.15, 125.25(3), and 20.00.

### Racketeering Act Three: Conspiracy to Commit Robbery, Robbery, and Felony Murder of Bunny Campbell

16.   The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Three:

<u>Conspiracy to Commit Robbery</u>

17.   From in or about late March 2005 through on or about April 1, 2005, in the Southern District of New York, DELROY LEE, HISAN LEE, and SELBOURNE WAITE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Bunny Campbell, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

<u>Overt Acts</u>

a.   In or about late March 2005, DELROY LEE, HISAN LEE, and others known and unknown discussed the robbery of Bunny Campbell in the Bronx, New York.

b.   On or about April 1, 2005, SELBOURNE WAITE and others known and unknown met at an apartment in the Bronx, New York, and waited for an individual, Bunny Campbell, whom they believed would be in possession of narcotics.

c.   On or about April 1, 2005, DELROY LEE called SELBOURNE WAITE.

<u>Robbery</u>

18.   On or about April 1, 2005, in the Southern District of New York, DELROY LEE and SELBOURNE WAITE, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer, Bunny

Campbell, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

Felony Murder

19.    On or about April 1, 2005, in the Southern District of New York, DELROY LEE and SELBOURNE WAITE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly committed an act involving murder, that is, committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, DELROY LEE and SELBOURNE WAITE robbed and aided and abetted the robbery of Bunny Campbell in the Bronx, New York, and in the course of and in furtherance of that robbery caused the death of Bunny Campbell, in violation of New York State Penal Law, Sections 160.15, 125.25(3), and 20.00.

Racketeering Act Four: Conspiracy to Commit Robbery, Robbery, and Felony Murder of Marsie Sierra

20.    The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Four:

### Conspiracy to Commit Robbery

21.    In or about March 2006, in the Southern District of New York, ANDRE DAVIDSON, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer, Marsie Sierra, of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

a.    On or about March 21, 2006, ANDRE DAVIDSON, the defendant, attempted to rob Marsie Sierra in the Bronx, New York, during which crime Sierra was murdered.

### Attempted Robbery

22.    On or about March 21, 2006, ANDRE DAVIDSON, the defendant, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of a suspected narcotics dealer, Marsie Sierra, in an apartment in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

### Felony Murder

23.    On or about March 21, 2006, in the Southern District of New York, ANDRE DAVIDSON, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly committed an act involving murder, that is, attempted to commit robbery, and, in the course of and in furtherance of

that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, ANDRE DAVIDSON attempted to commit robbery and aided and abetted an attempted robbery of Marsie Sierra in the Bronx, New York, and in the course of and in furtherance of that attempted robbery caused the death of Marsie Sierra, in violation of New York State Penal Law, Sections 160.15, 125.25(3), and 20.00.

<u>Racketeering Act Five: Conspiracy to Rob<br>and Attempted Robbery at 2041 Strang Avenue</u>

24.  The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Five:

<u>Conspiracy to Commit Robbery</u>

a.  From in or about March 2003, up to and including on or about May 21, 2003, in the Southern District of New York, BOBBY SAUNDERS, a/k/a "Bobby Moore," HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob several suspected narcotics dealers of narcotics and/or narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

<u>Overt Acts</u>

i.  In or about May 2003, BOBBY SAUNDERS, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the

13

defendants, and others known and unknown, planned the robbery of several individuals whom the defendants believed were narcotics dealers.

ii.  On or about May 21, 2003, in the vicinity of 2041 Strang Avenue, Bronx, New York, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the defendants, and others known and unknown, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, and, during the course of that attempted robbery, HIBAH LEE shot at one of the individuals.

<u>Attempted Robbery</u>

b.  On or about May 21, 2003, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., and ANDRE DAVIDSON, the defendants, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of several suspected narcotics dealers in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

<u>Racketeering Act Six: Attempted Robbery at 2032 Strang Avenue</u>

25.  The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Six:

<u>Conspiracy to Commit Robbery</u>

a.  On or about October 4, 2004, in the Southern District of New York, SELBOURNE WAITE, the defendant, together

with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about October 4, 2004, SELBOURNE WAITE stole a safe that WAITE believed contained narcotics and/or narcotics proceeds but which in fact was empty, in the Bronx, New York.

### Attempted Robbery

b.    On or about October 4, 2004, SELBOURNE WAITE, the defendant, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

### Racketeering Act Seven: Robbery at 4061 Murdoch Avenue

26.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Seven:

### Conspiracy to Commit Robbery

a.    On or about January 31, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected

narcotics dealer of narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about January 31, 2005, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON entered an apartment in the Bronx, New York, restrained a victim at gunpoint, and then robbed narcotics proceeds from the apartment.

### Robbery

b.    On or about January 31, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Racketeering Act Eight: Robbery at 3955 Paulding Avenue

27.    The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Eight:

### Conspiracy to Commit Robbery

a.    On or about March 24, 2005, in the Southern District of New York, SELBOURNE WAITE, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of

16

narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about March 24, 2005, SELBOURNE WAITE robbed an individual of a bag that contained narcotics proceeds and, during the course of that robbery, discharged a firearm at the victim, in the Bronx, New York.

### Robbery

b.    On or about March 24, 2005, in the Southern District of New York, SELBOURNE WAITE, the defendant, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Racketeering Act Nine: Robbery of a Construction Site at 93-06 101st Avenue, Queens, New York.

28.    The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Nine:

### Conspiracy to Commit Robbery

a.    In or about March 2005, in the Southern District of New York and elsewhere, ROBERT MORRISON and SELBOURNE WAITE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob workers at a construction site of the construction company payroll in

Queens, New York, in violation of New York State Penal Law,
Sections 160.15 and 105.15.

### Overt Act

i.   In or about March 2005, ROBERT MORRISON
and SELBOURNE WAITE discussed the robbery of a construction site
in Queens, New York.

ii.   On or about March 25, 2005, ROBERT
MORRISON drove from the Bronx, New York, to Queens, New York,
where he participated in robbing workers at a construction site
of the construction company payroll in the vicinity of 93-06
101st Avenue, Queens, New York.

### Robbery

b.   On or about March 25, 2005, in the Southern
District of New York and elsewhere, ROBERT MORRISON, the
defendant, unlawfully, willfully, and knowingly robbed and aided
and abetted the robbery of workers at a construction site in
Queens, New York, in violation of New York State Penal Law,
Sections 160.15 and 20.00.

### Racketeering Act Ten: Robbery at 1930 Edenwald Avenue, Bronx, New York

29.   The defendants named below committed the following
acts, any one of which alone constitutes the commission of
Racketeering Act Ten:

### Conspiracy to Commit Robbery

a.    On or about May 4, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of narcotics and/or narcotics proceeds in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about May 4, 2005, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON entered an apartment in the Bronx, New York, restrained several victims at gunpoint, and then robbed narcotics proceeds from the apartment.

### Robbery

b.    On or about May 4, 2005, in the Southern District of New York, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, unlawfully, willfully, and knowingly robbed and aided and abetted the robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 20.00.

### Racketeering Act Eleven: Attempted Robbery at 2930 Hone Avenue

30.    The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Eleven:

19

### Conspiracy to Commit Robbery

a.    On or about June 9, 2005, in the Southern District of New York, SELBOURNE WAITE and ROBERT MORRISON, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly conspired to rob a suspected narcotics dealer of narcotics in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15 and 105.15.

### Overt Act

i.    On or about June 9, 2005, SELBOURNE WAITE and ROBERT MORRISON robbed an individual of bags that they believed contained narcotics, but which in fact contained clothing, and, during the course of that attempted robbery, at least one co-conspirator not named herein fired at the victim, in the vicinity of 2930 Hone Avenue, Bronx, New York.

### Attempted Robbery

b.    On or about June 9, 2005, SELBOURNE WAITE and ROBERT MORRISON, the defendants, unlawfully, willfully, and knowingly attempted to rob and aided and abetted the attempted robbery of a suspected narcotics dealer in the Bronx, New York, in violation of New York State Penal Law, Sections 160.15, 110.00, and 20.00.

### Racketeering Act Twelve: Narcotics Conspiracy

31.    From at least in or about 1997, up to and including in or about April 2007, in the Southern District of New

York, BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH LEE,
ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON,
the defendants, together with others known and unknown,
unlawfully, intentionally, and knowingly combined, conspired,
confederated, and agreed together and with each other to violate
the narcotics laws of the United States, to wit, Title 21, United
States Code, Sections 812, 841(a)(1), and 841(b)(1)(A), in
violation of Title 21, United States Code, Section 846.

32.  It was a part and an object of said conspiracy
that BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH LEE,
ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON,
the defendants, together with others known and unknown, would and
did distribute and possess with intent to distribute a controlled
substance, to wit, 50 grams and more of mixtures and substances
containing a detectable amount of cocaine base, in a form
commonly known as "crack," in violation of Title 21, United
States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

33.  It was further a part and an object of the
conspiracy that BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE,
HIBAH LEE, ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and
ROBERT MORRISON, the defendants, together with others known and
unknown, would and did distribute and possess with intent to
distribute a controlled substance, to wit, five kilograms and
more of mixtures and substances containing a detectable amount of

21

cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

34. It was further a part and an object of the conspiracy that BOBBY SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH LEE, ANDRE DAVIDSON, SELBOURNE WAITE, DELROY LEE, and ROBERT MORRISON, the defendants, together with others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 18, United States Code, Sections 1961 & 1962(c).)

COUNT TWO

THE RACKETEERING CONSPIRACY

The Grand Jury further charges:

35. Paragraphs One through Four and Six through Thirty-Four of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

36. From at least in or about 1997 up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a

"Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, together with others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs One through Four of Count One of this Indictment, to wit, the DeKalb Avenue Crew, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, to wit, the racketeering acts set forth in Paragraphs Seven through Thirty-Four of Count One of this Indictment as Racketeering Acts One through Twelve.  It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

COUNT THREE

MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

37.    Paragraphs One through Four of this Indictment are realleged and incorporated by reference as though fully set forth herein.

38.    At all times relevant to this Indictment, the DeKalb Avenue Crew, as more fully described in Paragraphs One through Four, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the DeKalb Avenue Crew, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

39.    At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846, and Hobbs Act robbery in violation of Title 18, United States Code, Section 1951.

24

40.   On or about August 23, 2000, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the DeKalb Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the DeKalb Avenue Crew, an enterprise engaged in racketeering activity, as described above, HISAN LEE and DELROY LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly murdered Patrick Taylor, in the vicinity of Bullard Avenue, Bronx, New York, in that, HISAN LEE and DELROY LEE committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, HISAN LEE and DELROY LEE robbed and aided and abetted the robbery of Patrick Taylor in the Bronx, New York, and in the course of and in furtherance of that robbery caused the death of Patrick Taylor, in violation of New York Penal Law, Sections 20.00 and 125.25(3).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

COUNT FOUR

MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

41.  Paragraphs One through Four and Thirty-Eight and Thirty-Nine of this Indictment are realleged and incorporated by reference as though fully set forth herein.

42.  On or about July 25, 2003, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the DeKalb Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the DeKalb Avenue Crew, an enterprise engaged in racketeering activity, as described above, HISAN LEE and HIBAH LEE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly murdered Oneil Johnson, in the vicinity of 4136 Wilder Avenue, Bronx, New York, in that, HISAN LEE and HIBAH LEE committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, HISAN LEE and HIBAH LEE robbed and aided and abetted the robbery of Oneil Johnson in the Bronx, New York, and in the course of and in furtherance of that robbery caused the death of Oneil Johnson, in violation of New York Penal Law,

Sections 20.00 and 125.25(3).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT FIVE</u>

<u>MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

43.    Paragraphs One through Four and Thirty-Eight and Thirty-Nine of this Indictment are realleged and incorporated by reference as though fully set forth herein.

44.    On or about April 1, 2005, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the DeKalb Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the DeKalb Avenue Crew, an enterprise engaged in racketeering activity, as described above, DELROY LEE and SELBOURNE WAITE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly murdered Bunny Campbell, in the vicinity of 860 East 225th Street, Bronx, New York, in that, DELROY LEE and SELBOURNE WAITE committed robbery, and, in the course of and in furtherance of that crime, caused the death of a person other than one of the participants in the crime, and aided and abetted the same, to wit, DELROY LEE and SELBOURNE WAITE robbed and aided and abetted the robbery of Bunny Campbell in the Bronx, New York, and in the course of and in furtherance of that robbery caused

27

the death of Bunny Campbell, in violation of New York Penal Law,
Sections 20.00 and 125.25(3).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT SIX</u>

<u>MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

45.   Paragraphs One through Four and Thirty-Eight and
Thirty-Nine of this Indictment are realleged and incorporated by
reference as though fully set forth herein.

46.   On or about March 21, 2006, in the Southern
District of New York, as consideration for the receipt of, and as
consideration for a promise and agreement to pay, a thing of
pecuniary value from the DeKalb Avenue Crew, and for the purpose
of gaining entrance to and maintaining and increasing position in
the DeKalb Avenue Crew, an enterprise engaged in racketeering
activity, as described above, ANDRE DAVIDSON, the defendant,
together with others known and unknown, unlawfully, willfully,
and knowingly murdered Marsie Sierra, in the vicinity of 3569
DeKalb Avenue, Bronx, New York, in that, ANDRE DAVIDSON committed
robbery, and, in the course of and in furtherance of that crime,
caused the death of a person other than one of the participants
in the crime, and aided and abetted the same, to wit, ANDRE
DAVIDSON robbed and aided and abetted the robbery of Marsie
Sierra in the Bronx, New York, and in the course of and in

furtherance of that robbery caused the death of Marsie Sierra, in violation of New York Penal Law, Sections 20.00 and 125.25(3).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SEVEN

## NARCOTICS CONSPIRACY

The Grand Jury further charges:

47.  From at least in or about 1997, up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," CARMEN MOORE, a/k/a "Munchie," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES, a/k/a "Lunchbox," MARK HART, a/k/a "Movements," RAHEEM TUCKER, a/k/a "Ras," DEMETRI YOUNG, a/k/a "Walter Malone," CHRISTOPHER DIAZ, a/k/a "X Box," ANTHONY DIAZ, a/k/a "Little X," PAUL LOVE, AARON BIRCH, a/k/a "A," a/k/a "Ace," KEVIN BECKFORD, a/k/a "Carl Beckford," and JERMELL FALZONE, a/k/a "Mel," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

29