UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-　　　　　　　　　　　　　　　NOTICE OF MOTION

BOBBY SAUNDERS, et al.,

                                                            S4 07 CR 3 (BSJ)

                            Defendants.
------------------------------------------------------------x

      PLEASE TAKE NOTICE, that upon the annexed affirmation and memorandum of law of JOHN BURKE, ESQ., sworn to the 17th day of April, 2008, and upon the indictment, and all other proceedings here, the defendant, JERMELL FALZONE, will move this Court on a day to be determined by this Court, for an Order directing.

      1.     That the Government disclose all 404(B) evidence it intends to introduce at the trial of this case;

      2.     Discovery, inspection of all materials in the possession of the Government favorable to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

      3.     That the trial of JERMELL FALZONE be severed from that of his co-defendants pursuant to F.R.Cr.P. 14;

      4.     That JERMELL FALZONE be permitted to join in the motions filed by co-defendants;

  5. That the defense be permitted to file further motions.

Dated: Brooklyn, New York
    April 17, 2008

               Yours, etc.,

               JOHN BURKE
               Attorney for Defendant
                JERMELL FALZONE
               26 Court Street - Suite 2805
               Brooklyn, New York 11242
               (718) 875-3707


TO: UNITED STATES ATTORNEY
   SOUTHERN  DISTRICT OF NEW YORK

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,
                                                               AFFIRMATION AND
            -against-                                          MEMORANDUM
                                                               OF LAW
BOBBY SAUNDERS, et al.,
                                                               S4 07 CR 3 (BSJ)
                        Defendants.
------------------------------------------------------------x
```

JOHN BURKE, a member of the Bar of this Court, affirms the following under penalty of perjury:

That I am the attorney of record for the defendant JERMELL FALZONE and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office.

I submit this affirmation and memorandum of law in support of various motions made by defendant JERMELL FALZONE.

### I. F.R.E. 404(B) MATERIAL

The Government, upon information and belief, intends to introduce evidence concerning prior bad acts of the defendant Falzone at trial.

The defense requests that the Government list any 404(B) evidence it will seek to introduce at trial. The defense also asks that the Government set forth the proposed reasons for the admissibility of such evidence.

Fed. Rules Evid. Rule 403, 28 U.S.C.A., states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". For evidence of other bad acts to be accepted, it must be established by a preponderance of the evidence. United States v. DeVaughn, 601 F.2d 42 (2nd Cir. 1979); United States v. Peterson, 808 F.2d 959 (2nd Cir. 1987)

Falzone requests permission to respond to the Government's 404(B) requests once they have been disclosed to the defense.

## 2. BRADY MATERIAL

Under the principals initiated in Brady v. Maryland, 373 U.S. 83 (1963), the government must deliver to the defendant all evidence favorable to him bearing on any of the issues raised by the indictment or the government's proof at trial. Delay of production of this material until trial may make it of little use to the defense. If, for example, it is only at trial that defendant is informed that a witness absolved him of complicity of an act, it may be too late for defense counsel to find the witness. Pretrial discovery is necessary if any effective defense is to be had. United States v. Coppa, 267 F.3d 132 (2nd Cir, 2001).

### 3. **<u>SEVERANCE</u>**

Falzone moves, pursuant to F.R.Cr.P. 14, for an Order granting him a trial separate and apart from his co-defendants. The instant indictment charges Falzone with participating in a wide ranging conspiracy to distribute narcotics. He is charged with approximately 21 other co-defendants in this narcotics conspiracy that allegedly lasted 10 years. If Falzone is tried by himself, the trial would last approximately three days. However, if Falzone is tried with all his co-defendants, the trial will last four months and he will be unduly prejudiced by the spill over evidence contained in the numerous criminal acts unrelated to his case. The number of defendants and transactions placed before the jury in a "mega-trial" will operate to deny Falzone a fair trial. <u>United States</u> v. <u>Casamento</u>, 887 F.2d 1141, 1149-54 (2nd Cir. 1989).

In the instant case numerous co-defendants are charged with racketeering and approximately six of those individuals are accused of committing murder. The evidence involved in the murder counts of the indictment has no direct bearing on Jermell Falzone. The evidence admissible against the other defendants, particularly the murder charges, is overwhelmingly prejudicial to Falzone and a separate trial should be held to avoid that prejudice. <u>United States</u> v. <u>Dione</u>, 954 F.2d 839, 843 (2nd Cir. 1991); <u>United States</u> v. <u>Salameh</u>, 152 F.3d 88, 115 (2nd Cir. 1998).

Falzone also requests permission to make further severance motions based

upon the principles of Bruton v. United States, 391 U.S. 123 (1968). The defense requests copies of all co-defendant statements that the Government intends to introduce at trial. Until these statements are provided, Falzone cannot determine if any Bruton issues exist.

### 4. FALZONE REQUESTS PERMISSION TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANTS

Currently, Falzone is joined in an indictment with 21 other defendants. He requests permission to join in those motions made by any similarly situated co-defendant applicable to him. These motions may include requests for severance and suppression of wire tapped conversations. This joinder will promote judicial economy, prevent unnecessary litigation and should be granted in the interest of justice. United States v. Feola, 651 F, Supp. 1068 (1987).

The defense also requests permission to file additional motions, i.e., possible suppression of statements and identifications when a formal motion schedule is set.

### 5. OTHER MOTIONS

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the Government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case. Based upon what tapes the

Government may play at trial, the defense may request audibility hearings.

  WHEREFORE, the defendant respectfully moves for the relief set forth herein, and for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
    April 17, 2008

                JOHN BURKE
                Attorney for Defendant
                 JERMELL FALZONE
                26 Court Street - Suite 2805
                Brooklyn, New York   11242
                (718) 875-3707

**JOHN M. BURKE**
  Attorney at Law                                                  26 Court Street - Suite 2805
                                                                               Brooklyn, New York 11242
                                                                                       Tel: (718) 875-3707
                                                                                       Fax: (718) 875-0053

                                                                                         April 21, 2008

Honorable Barbara S. Jones
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re.:   U.S. v. <u>Bobby Saunders, et al.</u>
                       S407 CR 3 (BSJ)

Dear Judge Jones**:**

    Enclosed please find a copy of the pre-trial motions filed on behalf of Jermell Falzone.

    Thank you for your time and consideration in this matter.

                                                                                   Very truly yours,

JB/dw                                                                          JOHN BURKE
Enc.                                                                             Attorney for
                                                                                    Jermell Falzone

cc:    United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York 10007

  Attention: Michael English, Esq., AUSA